**Howard M. Levine, OSB No. 800730**
hlevin@sussmanshank.com
**Kristen G. Hilton, OSB No. 151950**
khilton@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **FRANKLIN CAPITAL FUNDING, LLC**, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> **LEVEL 3 HOMES & DESIGN, LLC**, an Oregon Limited Liability Company; **RYAN DONATO,** an individual; **JEREMY KILLIAN**, an individual; **LEVEL 3, LLC**, an Oregon Limited Liability Company; and **HEIRLOOM INC.**, an Oregon Corporation, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR** <br><br> **(1) Breach of Contract;** <br> **(2) Breach of Guaranty;** <br> **(3) Appointment of a Receiver** |

Plaintiff Franklin Capital Funding, LLC alleges as follows:

## PARTIES

1. At all relevant times, Franklin Capital Funding, LLC ("Plaintiff") is a Delaware limited liability company with its principal place of business in the State of Michigan.

Page 1 - COMPLAINT

2. At all relevant times, defendant Level 3 Homes & Design, LLC ("Level 3 Homes") is a business that builds custom tiny homes, is incorporated under the laws of the State of Oregon, and has its principal place of business at 12055 NE Glenn Widing Dr., Building 3, Suite 202, Portland, Oregon, in Multnomah County.

3. At all relevant times defendant Ryan Donato ("Donato") is a member of Level 3 Homes. Plaintiff is informed and believes, and thereon alleges, that Donato resides in Gresham, Oregon.

4. At all relevant times defendant Jeremy Killian ("Killian") is a member of Level 3 Homes. Plaintiff is informed and believes, and thereon alleges, that Killian resides in Happy Valley, Oregon.

5. At all relevant times, defendant Level 3, LLC ("Level 3") is a business that holds a dealer license used in connection with the business of Level 3 Homes, is incorporated under the laws of the State of Oregon, and has its principal place of business at 12055 NE Glenn Widing Dr., Building 3, Suite 202, Portland, Oregon, in Multnomah County. Donato and Killian are members of Level 3.

6. At all relevant times, defendant Heirloom Inc. ("Heirloom") is a business that also builds custom tiny homes, is incorporated under the laws of the State of Oregon, and has its principal place of business at 19700 SW 118th Avenue, Portland, Oregon, in Multnomah County. Donato and Killian are shareholders in Heirloom.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter based on diversity of citizenship, 28 U.S.C. § 1332, in that Plaintiff is a citizen of a different state than Defendants Level 3 Homes, Donato, Killian, Level 3, and Heirloom (collectively, "Defendants") and the amount in controversy exceeds $75,000.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all Defendants reside in this District and because a substantial part of the events giving rise to the claims

Page 2 - COMPLAINT

occurred in this District and a substantial part of the property that is the subject of the parties' agreements is located in this District.

9. This Complaint has been filed in the Portland Division pursuant to Local Rule 3-2, because a substantial part of the events giving rise to the claims occurred in Multnomah County, Oregon and a substantial part of the property that is the subject of the parties' agreements is located in Multnomah County, Oregon.

## FACTUAL BACKGROUND

### Loan Documents

10. Level 3 Homes is in the business of manufacturing "tiny homes" for consumers.

11. On or about July 12, 2019, FCG acquired the secured obligations owed by Level 3 Homes to various merchant cash advance financing sources (collectively, "MCAs").

12. On July 15, 2019, Level 3 Homes executed and delivered a Loan Agreement with Franklin Capital Group, LLC ("FCG"), Plaintiff's predecessor-in-interest (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 1** and is incorporated by reference herein.

13. On July 15, 2019, Level 3 Homes executed and delivered to FCG a Promissory Note in the amount of $1,600,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit 2** and is incorporated by reference herein.

14. The Note requires Level 3 Homes to make monthly payments on the 15th of each month in the manner and amount set forth on Schedule A to the Note.

15. The Note also includes a term of three years and contains a governing law provision stating that it is to be construed in accordance with the internal laws of the State of Michigan.

16. The Note further provides that Level 3 Homes "must reimburse the Lender for any costs, internal charges and out-of-pocket expenses (including attorneys' fees and time charges of attorneys for the Lender, who may be employees of the Lender) paid or incurred by

Page 3 - COMPLAINT

the Lender in connection with the preparation, review, execution, delivery, amendment, modification, administration, collection, and enforcement of this Note."

17.  As security for its obligations under the Note, Level 3 Homes executed a Security Agreement dated July 15, 2019 (the "FCG Security Agreement"), granting FCG a security interest in substantially all of Level 3's assets (the "Collateral").  Those assets include but are not limited to work in process, equipment, general intangibles, inventory, such as tiny homes sitting on moveable trailers, accounts receivable, and products and proceeds of all of the collateral.  A true and correct copy of the FCG Security Agreement is attached hereto as **Exhibit 3** and is incorporated by reference herein.  Defendants Level 3 and Heirloom, Level 3 Homes' related entities, are also signatories to the FCG Security Agreement and are included in the definition of "Debtor" thereunder.  Accordingly, all of their assets are part of FCG's Collateral.

18.  The Loan Agreement, Note, FCG Security Agreement, and all related documents, including the Perfection Certificate attached as **Exhibit 4**, are collectively identified as the "Loan Documents."

19.  On or about July 15, 2019, Donato, Killian, Level 3 and Heirloom executed a Continuing Guaranty, guaranteeing Level 3 Homes' performance under the Loan Documents (the "FCG Guaranty").  A true and correct copy of the FCG Guaranty is attached hereto as **Exhibit 5**.

20.  The Loan Documents and FCG Guaranty were assigned to Plaintiff on or about July 15, 2019.  A copy of the Assignment and Conveyance and Certification of Release is attached hereto as **Exhibit 6**.

21.  Later, on or about August 30, 2019, FCG acquired the claim of an additional MCA, Trenen Capital, Inc., against Level 3 Homes.  The indebtedness FCG purchased from the various MCAs was consolidated into and constitutes a portion of the term loan evidenced by the Note.

Page 4 - COMPLAINT

22. After FCG acquired the claims of the MCAs as described in Paragraphs 11 and 21 above, the UCC filings of the MCAs whose claims were acquired were assigned to FCG, which subsequently assigned them to Plaintiff. In addition, FCG also filed its own UCC-1 filings against Level 3 Homes and Level 3 on March 20, 2019, and against Heirloom on July 17, 2019, which UCC-1 filings were assigned to Plaintiff. Copies of those UCC-1 Financing Statements, which were filed on August 6, 2018, October 23, 2018, February 1, 2019, February 4, 2019, March 20, 2019, March 21, 2019, March 22, 2019, June 24, 2019 and July 17, 2019, and the UCC-3 Assignments are attached as **Exhibit 7**.

23. As a result of the foregoing transactions, Plaintiff has a first-priority perfected security interest in the Collateral.

### Level 3 Homes Defaults on Its Loan Obligations

24. Level 3 Homes defaulted of its obligations under the Loan Documents. Among other things, Level 3 Homes breached the terms of the Loan Documents by: failing to timely make a loan payment in the amount of $55,000.00, which was due on October 15, 2019; failing to disclose in the Perfection Certificate (Exhibit 4) obligations with respect to approximately $1,000,000 of customer deposits for Level 3 and approximately $750,000 of customer deposits for Heirloom; and failing to remit the proceeds from the sale of used homes to the prior owners.

25. In addition, Level 3 Homes did not comply with various reporting requirements under Section 4 of the Loan Agreement (Exhibit 1), including but not limited to the requirements to provide monthly financial statements, monthly accounts receivable and accounts payable agings and monthly inventory reports.

26. Plaintiff also learned that Level 3 Homes was delinquent with respect to payment of both state and federal taxes, including the September tax deposit, and that the Oregon Department of Revenue had recorded a Distraint Warrant against Level 3 Homes in the amount of $30,534.19.

Page 5 - COMPLAINT

27. The facts and circumstances described in Paragraphs 24 through 26 constitute Events of Default under the Loan Documents.

28. By letter dated October 28, 2019, Plaintiff accelerated and demanded payment in full of the obligations owed by Level 3 Homes to Plaintiff under the Loan Documents, and guaranteed by Defendants Donato, Killian, Level 3, and Heirloom. A true and correct copy of the demand letter is attached hereto as **Exhibit 8**.

29. Defendants have failed and refused to pay the obligations owed to Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Action on Promissory Note – against Level 3 Homes)

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of the Complaint.

31. Level 3 Homes defaulted on its obligations under the Note by failing to timely make the October 15, 2019 payment, and by being in breach of, among other things, Section 4 of the Security Agreement and Section 3(g) of the Loan Agreement because Level 3 Homes failed to timely pay both state and federal taxes.

32. Level 3 Homes further defaulted on its obligations under the Note by being in breach of sections (b) and (m) of the Note because the list of debts Level 3 Homes' provided to FCG excluded approximately $1,000,000.00 of customer deposits from Level 3 and $750,000.00 of customer deposits from Heirloom, and Level 3 Homes sold a number of used homes but did not remit the proceeds from those sales to the prior owners of the homes.

33. Additionally, Level 3 Homes defaulted on its obligations under the Note by being in breach of Section 4 of the Loan Agreement because Level 3 Homes failed to comply with various reporting requirements, including to provide monthly financial statements, monthly accounts receivable and accounts payable agings and monthly inventory reports.

34. As a result of Level 3 Homes' defaults, Plaintiff accelerated the balance due under the Note.

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

35. The principal amount due under the Note is $1,570,013.77, in addition to accrued interest through October 17, 2019 in the sum of $28,783.59, with interest continuing to accrue at the rate of twenty two (22.0%) per annum or $946.31 per diem until paid, as well as late fees, costs, attorneys' fees, and other charges allowed under the Note.

36. Level 3 Homes has failed and refused to pay the outstanding balance due under the Note, which, as set forth in Plaintiff's October 28, 2019 letter, is immediately due. As a result, Level 3 Homes is in further default of its obligations to Plaintiff.

37. Plaintiff has performed all obligations and duties imposed on it by the Note, except to the extent such obligations or duties have been waived, excused or prevented by Level 3 Homes' acts or omissions.

## SECOND CLAIM FOR RELIEF

**(Breach of FCG Guaranty – Against Donato, Killian, Heirloom, and Level 3)**

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 of the Complaint.

39. Pursuant to the terms of the FCG Guaranty, Donato, Killian, Heirloom and Level 3 guarantied full and prompt payment when due of all obligations of Level 3 Homes to Plaintiff.

40. Donato, Killian, Heirloom and Level 3 have failed and refused to pay the outstanding balance due under the FCG Guaranty, which, as set forth in Plaintiff's October 28, 2019 letter, is immediately due.

## THIRD CLAIM FOR RELIEF

**(Appointment of a Receiver)**

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 of the Complaint.

42. Plaintiff has the right to seek appointment of a receiver over the Collateral as provided herein.

Page 7 - COMPLAINT

43. Pursuant to the terms of the FCG Security Agreement and the FCM Security Agreement, Defendants agreed that if any of the Liabilities (as defined in the FCG Security Agreement and the FCM Security Agreement) are not paid, when due, whether upon demand or at maturity, whether by acceleration or otherwise, Plaintiff would have the right to "personally or by agents, attorneys, or appointment of a receiver, enter upon any premises where collateral may then be located" and take possession of such Collateral, and "hold, operate, sell, ship, reclaim, recover, store, finish, maintain, repair, lease, or dispose of all or any Collateral . . .". Exhibits 3 and 9, Section 7. (a).

44. By letter dated October 28, 2019, Plaintiff accelerated and demanded payment in full of Level 3 Homes' obligations to Plaintiff under the Loan Documents. To date, Level 3 Homes has failed and refused to pay those obligations.

WHEREFORE, Plaintiff prays for relief as follows:

1. On the First Claim for Relief:

    a. For judgment in favor of Plaintiff against Defendant Level 3 Homes in the principal amount of $1,570,013.77, together with accrued interest through October 17, 2019 in the sum of $28,783.59, with interest accruing thereafter at the rate of twenty two (22.0%) per annum ($946.31 per diem) through entry of judgment;

    b. For late fees and other costs allowed under the Note, in an amount to be determined at trial;

    c. For Plaintiff's reasonable attorney fees, costs, and disbursements incurred herein; and

    d. For such other relief as the court deems just and proper.

Page 8 - COMPLAINT

2. On the Second Claim for Relief:

   a. For judgment in favor of Plaintiff joint and severally against Defendants Killian, Donato, Level 3, and Heirloom in the principal amount of $1,570,013.77, together with accrued interest through October 17, 2019 in the sum of $28,783.59, with interest accruing thereafter at the rate of twenty two (22.0%) per annum ($946.31 per diem) through entry of judgment;

   b. For late fees and other costs allowed under the Guaranty, in an amount to be determined at trial;

   c. For Plaintiff's reasonable attorney fees, costs, and disbursements incurred herein; and

   d. For such other relief as the court deems just and proper.

3. On the Third Claim for Relief, for an order appointing a receiver over the Collateral;

4. An order enjoining Defendants and each of them from selling, encumbering, disposing of, or otherwise interfering with the Collateral.

Dated this 27th day of November, 2019.

        SUSSMAN SHANK LLP

        By /s/ Kristen G. Hilton
          Howard M. Levine, OSB No. 800730
          Kristen G. Hilton, OSB No. 151950
          (503) 227-1111
          Attorneys for Plaintiff

*25495-001(03322253)

Page 9 - COMPLAINT