**Nicholas J. Henderson, OSB #074027**
nhenderson@portlaw.com
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

*Of Attorneys for Level 3 Homes & Design,*
*LLC; Heirloom Inc.; and Level 3, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FRANKLIN CAPITAL FUNDING, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>LEVEL 3 HOMES & DESIGN, LLC, AN Oregon limited liability company; RYAN DONATO, an individual; JEREMY KILLIAN, an individual; LEVEL 3, LLC, an Oregon limited liability company; and HEIRLOOM INC., an Oregon corporation,<br><br>            Defendants. | Case No. 3:19-cv-01928-hz<br><br>**DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC'S; LEVEL 3, LLC'S; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendants Level 3 Homes & Design, LLC ("Level 3 Homes"); Level 3, LLC ("Level 3"); and Heirloom Inc. ("Heirloom") (collectively "Defendants"), hereby answer Plaintiff Franklin Capital Funding, LLC's ("Plaintiff's") Complaint, denying any allegation not expressly admitted, and allege the following:

**PARTIES**

1.    Assuming the accuracy of Plaintiff's Corporate Disclosure Statement [Dkt. 2], Defendants admit the allegations in Paragraph 1.

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

2.      Defendants admit the allegations in Paragraph 2.

3.      Defendants admit the allegations in Paragraph 3.

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7.      Assuming the accuracy of Plaintiff's Corporate Disclosure Statement [Dkt. 2],
Defendants admit the allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

## FACTUAL BACKGROUND

### Loan Documents

10.     Defendants admit the allegations in Paragraph 10.

11.     In response to Paragraph 11, Defendants lack sufficient information to admit or
deny Plaintiff's allegations, and therefore denies the allegations.

12.     In response to Paragraph 12, Defendants admit that Level 3 Homes executed and
delivered a Loan Agreement to Franklin Capital Group, LLC ("FCG") and that **Exhibit 1** to
Plaintiff's Complaint appears to be a true copy thereof.  Defendants neither admit nor deny the
allegations regarding the content of Exhibit 1, as the document speaks for itself.

13.     In response to Paragraph 13, Defendants admit that Level 3 Homes executed and
delivered a Promissory Note to FCG and that **Exhibit 2** to Plaintiff's Complaint appears to be a
true copy thereof.  Level 3 Homes neither admits nor denies the allegations regarding the content
of **Exhibit 2**, as the document speaks for itself.

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and
HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

14.     Regarding Paragraph 14, Defendants neither admit nor deny the allegations regarding the content of the Note, as the document speaks for itself.

15.     Regarding Paragraph 15, Defendants neither admit nor deny the allegations regarding the content of the Note, as the document speaks for itself.

16.     Regarding Paragraph 16, Defendants neither admit nor deny the allegations regarding the content of the Note, as the document speaks for itself.

17.     In response to Paragraph 17, Defendants admit that Level 3 Homes executed a Security Agreement and that **Exhibit 3** to Plaintiff's Complaint appears to be a true copy thereof. Defendant neither admit nor deny the allegations regarding the content of Exhibit 3, as the document speaks for itself.

18.     Defendants admit the allegations in Paragraph 18.

19.     In response to Paragraph 19, Defendant admit that they executed a Continuing Guaranty and that **Exhibit 5** to Plaintiff's Complaint appears to be a true copy thereof. Defendants neither admit nor deny the allegations regarding the content of Exhibit 5, as the document speaks for itself.

20.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 20 and, therefore, deny them.

21.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 21 and, therefore, deny them.

22.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 22 and, therefore, deny them.

23.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 23 and, therefore, deny them.

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

**Level 3 Homes Allegedly Defaults on Its Loan Obligation**

24.     In response to Paragraph 24, Defendants admit that Level 3 Homes did not make a loan payment in the amount of $55,000 by October 15, 2019.  Defendants deny the remaining allegations in Paragraph 24.

25.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 25 and, therefore, deny them.

26.     In response to Paragraph 26, Defendants admit that Level 3 Homes did not pay certain state and federal tax obligations, and that the Oregon Department of Revenue recorded a Distraint Warrant against Level 3 Homes. Defendants deny the allegations that such information was withheld from Plaintiff or FCG, and further deny the remaining allegations in Paragraph 26 and, therefore, deny them.

27.     The allegations set forth in Paragraph 27 are legal conclusions, and are therefore denied.

28.     In response to Paragraph 28, Defendants admit that they received a letter dated October 28, 2019, and that **Exhibit 8** appears to be a copy thereof. The remaining allegations set forth in Paragraph 28 are legal conclusions and are therefore denied.

29.     In response to Paragraph 29, Defendants admit that they did not pay certain amounts to Plaintiff.  Defendants otherwise deny the allegations in Paragraph 29.

## FIRST CLAIM FOR RELIEF
### (Action on Promissory Note – against Level 3 Homes)

30.     In response to Paragraph 30, Defendants incorporate their admissions, denials, and allegations explicitly stated above, as if fully set forth herein.

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32.

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants lack sufficient information to admit or deny the allegation in Paragraph 34 and, therefore, deny them.

35.     Defendants deny the allegations in Paragraph 35.

36.     In response to Paragraph 36, Defendants admit that Level 3 Homes did not pay certain amounts to Plaintiff. Defendants otherwise deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

## SECOND CLAIM FOR RELIEF
### (Breach of FCG Guaranty – Against Donato, Killian, Heirloom, and Level 3)

38.     In response to Paragraph 38, Defendants incorporate their admissions, denials, and allegations explicitly stated above, as if fully set forth herein.

39.     Defendants deny the allegations in Paragraph 39.

40.     In response to Paragraph 40, Defendants admit that they did not pay certain amounts to Plaintiff. Defendants otherwise deny the allegations in Paragraph 40.

## THIRD CLAIM FOR RELIEF
### (Appointment of a Receiver)

41.     In response to Paragraph 41, Defendants incorporate their admissions, denials, and allegations explicitly stated above, as if fully set forth herein.

42.     Defendants deny the allegations in Paragraph 42.

43.     The allegations set forth in Paragraph 43 consist of legal conclusion and characterizations of the facts and circumstances alleged in Plaintiff's Complaint. To the extent that a response is required to the allegations set forth in Paragraph 43, Defendants deny them.

44.     The allegations set forth in Paragraph 44 consist of legal conclusion and characterizations of the facts and circumstances alleged in Plaintiff's Complaint. To the extent

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

that a response is required to the allegations set forth in Paragraph 44, Defendants deny them.

## AFFIRMATIVE DEFENSES

Defendants allege and assert the following affirmative defenses, subject to their responses above, and in consideration of the facts alleged by Defendants below to support their affirmative defenses and their counterclaims. Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Estoppel)

45.     FCG made numerous representations to Defendants that FCG and its agents and affiliates would provide turnaround management advice to Defendants. FCG promised Defendants that FCG's efforts, advice, and the financing that FCG would provide would resolve Defendants' merchant cash advance ("MCA") debts at a significant discount, and would solve Level 3 and Heirloom's financial problems. FCG charged Defendants $20,000 per month for the business consulting and turnaround management services it promised to provide.

46.     After Defendants indicated that they were interested in having FCG solve Defendants' financial problems, FCG began "advising" and "consulting" Defendants about Defendants' business operations. FCG demanded compliance with its instructions about paying certain payables and instructed Defendants to withhold payment from certain vendors. FCG threatened Defendants by indicating that their failure to comply with FCG's advice and instructions would result in FCG refusing to provide financing.

47.     Defendants followed FCG's instructions and, as a result, Defendants' financial positions worsened. Payables grew larger, resulting in greater financial distress, and also the commencement of litigation by the lenders from whom Defendants had obtained MCA loans (the "MCA Lenders") and vendors.

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

48.    Eventually, following a lengthy due diligence process, FCG, through its agents, represented to Defendants that their reporting was sufficient. Defendants submitted all documents and reports with the advice and guidance of FCG and its agents. FCG was further responsible for preparing the Loan Documents.

49.    In June of 2019, FCG informed Defendants that the Loan Documents were prepared and ready for execution.  Defendants asked that the Loan Documents be sent to their counsel, so that the Loan Documents could be reviewed.

50.    FCG informed Defendants that its agents would be travelling to Portland, Oregon on July 11, 2019, to meet with Defendants and their counsel, so that the Loan Documents could be reviewed, negotiated, and then executed after modifications were made pursuant to the parties' agreements.

51.    Defendants' counsel made scheduling arrangements to attend the meeting with FCG and Defendants, for the purpose of reviewing the Loan Documents.  Defendants informed FCG that Defendants' counsel would be present for the closing.

52.    On July 11, 2019, FCG informed Defendants that "something had come up," and FCG's agents could not fly to Portland until the morning of July 15.  When Defendants protested, indicating that there may be scheduling issues for Defendants' counsel, FCG informed Defendants that they could "take it or leave it," and that closing must occur on July 15, 2019.

53.    FCG's representatives indicated that it was critical to fund the loan on July 15, 2019, because certain MCA debts could be settled on that date.  FCG indicated that financing may not be available to Defendants if they failed to close on July 15, 2019.

54.    Defendants made arrangements to have counsel present for the July 15th meeting, and informed FCG that scheduling would not be an issue, because Defendants' counsel was able

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

to attend the meeting.

55.     On July 15, FCG's agents informed Defendants that there was a problem with the scheduled flight; that is the flight that was supposed to have FCG's agents arrive in Portland on the morning of July 15th.  FCG's representatives informed Defendants that they would keep Defendants informed about their scheduled arrival.

56.     On the evening of July 15, 2019, FCG informed Defendants that they would arrive at Portland International Airport at approximately 11:00 p.m. FCG further informed Defendants that the meeting would need to occur that night, because FCG's representatives were scheduled to fly out of Portland the following morning.

57.     Defendants protested, because counsel would not be available to meet in the middle of the night.  FCG again indicated that Defendants could essentially "take it or leave it," and if Defendants didn't close the loan that night, MCA payoffs were in jeopardy, and FCG would likely decline to provide any financing.

58.     Because of the increased financial distress in which Level 3 and Heirloom found themselves after following FCG's instructions, Defendants' attended the meeting with FCG's representatives on the night of July 15, 2019.

59.     FCG's representatives indicated that they had a direct interest in making Defendants' businesses successful, and that they would continue to consult and advise Defendants about how to turn Level 3 and Heirloom's business around to profitability.  After FCG's representations and commitments to continue providing turnaround advice, Defendants ultimately signed the Loan Documents.

60.      FCG knew that its advice and instructions to Defendants would worsen Defendants' financial position, ultimately leading to closure of the businesses and foreclosure or

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and
HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

surrender of the Defendants' assets.

61.     Defendants relied on the advice of FCG in executing all reports which Plaintiff now alleges to be incomplete or insufficient.

62.     Based on the foregoing, Plaintiff is estopped from pursuing the claims that it now alleges.

## SECOND AFFIRMATIVE DEFENSE
### (Economic Duress/Business Compulsion)

63.     Defendants re-allege and incorporate in this Paragraph, as if fully set forth herein, the allegations set forth above.

64.     Defendants entered into and agreed to the terms of all Loan Documents based on economic duress; a duress that FCG exploited by manipulating Level 3 and Heirloom's financial position while acting and being paid as a turnaround consultant.

65.     FCG used the improper influence of Tringali and other legal professionals, all of whom claimed to be representing Level 3 and Heirloom';s interest, to further their own agenda. Based on the advice of Tringali and other attorneys, who were, in fact, taking direction from FCG, Level 3 and Heirloom agreed to do business and borrow funds from FCG out of economic necessity and dire financial circumstances.

66.     As a part of their interactions with FCG, Level 3 and Heirloom disclosed to FCG the identity of their creditors and other sensitive financial information.  FCG used such information to the advantage of itself and its affiliates, and to Defendants' detriment, despite having been hired to provide turnaround management and consulting services to Level 3 and Heirloom.

67.     Specifically, FCG contacted Defendants' creditors to purchase and/or assume the benefit of Defendants' existing obligations, using funds advanced to Level 3 and Heirloom.

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

68.     FCG wrongfully exploited the sensitive financial information provided by Defendants to obtain leverage and increase the benefits they would receive from any loan to Defendants.

69.     FCG then used Defendants' information, debts, and dire economic situation to compel Defendants to agree to unjust terms in violation of public policy. Such terms included the retroactive permission for FCG's prior wrongful actions and a release of liability for its actions.

70.     After manipulating Defendants' financial situation, and after maneuvering itself into an advantageous position as one of Defendants' creditors, FCG threatened to withhold financing unless Defendants agreed to exploitative terms in the Loan Documents.  Plaintiff, as the beneficiary of FCG's wrongful conduct, is barred from exploiting the economic duress FCG imposed on Defendants.

### THIRD AFFIRMATIVE DEFENSE
### (*In Pari Delicto*)

71.     Defendants re-allege and incorporate in this Paragraph, as if fully set forth herein, the allegations set forth above.

72.     Plaintiff is equally, if not more, responsible for any defaults on the part of Defendants.  Therefore, Plaintiff is barred from recovery on its claims based on the doctrine of *in pari delicto*.

73.     As set forth above and below, FCG exploited Defendants' financial distress to compel Defendants' agreement to unjust and onerous terms with which they knew Defendants could not comply. Additionally, FCG is believed to have exploited the sensitive financial information provided by Defendants to obtain Defendants' agreement.

74.     FCG further represented to Defendants that FCG and its agents were acting for Defendants' benefit and on Defendants' behalf. These representations created an expectation that

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

they could trust FCG, which FCG exploited to obtain Defendants' agreement to terms with which they knew Defendants could not comply.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

75.    Defendants re-allege and incorporate in this Paragraph, as if fully set forth herein, the allegations set forth above.

76.    FCG is barred from recovery based on the doctrine of unclean hands.

77.    The wrongful actions of FCG that give rise to this defense include: (i) failing to grant Defendants a full opportunity to review and consider the Loan Documents; (ii) representing that they were acting on behalf of or for the benefit of Defendants; (iii) acting on their own behalves to purchase Defendants' other outstanding loans in an act of exploitation of Defendants' economic duress; (iv) compelling Defendants to release FCG from liability for its known and unknown actions as a condition of making the loan; (v) entering into the loan agreement based on an assumption that Defendants would be unable to comply with it; and (vi) transferring the loan to a closely related entity so as to obscure its actions and liability.

## FIFTH AFFIRMATIVE DEFENSE
### (Illegality)

78.    Defendants re-allege and incorporate in this Paragraph, as if fully set forth herein, the allegations set forth above.

79.    The contracts at issue are against public policy and should, therefore, be declared illegal and unenforceable.

80.    As a condition of obtaining a loan, the Loan Documents permitted FCG to engage in exploitative actions and released FCG from liability for those actions before Defendants would ever know about them.

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

81.     For example, the Loan Documents provided that FCG could take advantage of

Defendants' existing indebtedness by providing on page 13 of **Exhibit 1** to Plaintiff's

Complaint:

8.      (a) Company and/or certain of its subsidiaries or affiliates have certain existing indebtedness owing to third parties (collectively, the "Third Parties") for borrowed money or other financing obligations, including but not limited to bank financings and merchant advance obligations (the "Existing Indebtedness"). Company acknowledges and agrees that: (i) the amount of the Existing Indebtedness is accurately reflected on the Closing Statement and is due and owing without setoff or defenses of any kind; (ii) Lender may purchase (or may have purchased) all or any portion of the Existing Indebtedness from the Third Parties at a discount (a "Purchase Discount") and may enforce such Existing Indebtedness at par; (iii) any portion of the Existing Indebtedness purchased by Lender shall be consolidated into and shall constitute part of the Term Loan on a dollar for dollar basis based on the par value of such Existing Indebtedness and shall, together with any Withheld Proceeds (as defined below) reduce the cash proceeds of the Term Loan otherwise available for disbursement; provided that, Lender may, in its sole discretion, elect to consolidate such purchased Existing Indebtedness into the Term Loan on a less than dollar for dollar basis; (iv) Lender has no further obligations to Company with respect to the Existing Indebtedness; and (v) any portion of the Existing Indebtedness not purchased by Lender (as determined by Lender in its sole discretion) must be paid in full either: (x) upon closing of the Term Loan, in which case a portion of the Term Loan proceeds may be disbursed directly to pay such portion of the Existing Indebtedness or (y) at such later date as Lender may determine in its sole discretion, in which case Lender may withhold proceeds of the Term Loan (the "Withheld Proceeds") in order to satisfy the Existing Indebtedness not so prepaid ("Unpaid Existing Indebtedness") in the future. Company acknowledges and agrees that as of the date hereof, there is Unpaid Existing Indebtedness owing to each of Last Chance Funding Inc., 1 Global Capital, LLC and Trenen Capital, Inc., and the total Withheld Proceeds in connection therewith is $50,000.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and
HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

82.    The Loan Documents further provided that FCG could act "on behalf of"

Defendants but be the recipient of any benefits received. They specifically provided on page 13

of **Exhibit 1** to Plaintiff's Complaint:

> (b)  Company also acknowledges and agrees that Lender may have been able to (or, with respect to Unpaid Existing Indebtedness, may be able to) negotiate, on behalf of Company, with the providers of certain of the Existing Indebtedness for the repayment of such Existing Indebtedness in an amount below the par value of such Existing Indebtedness (such difference, the "Repayment Discount"). In consideration of Lender making the Term Loan, Company agrees that 100% of such Repayment Discount shall be, in such amounts as directed by Lender in its sole discretion, either (1) paid to Lender for its own account (which such payment shall not reduce the principal amount of the Term Loan or any of the Liabilities) or (2) deposited into the Cash Collateral Account for application to future regularly scheduled payments due in respect of the Term Note and the Consulting Engagement (or for other purposes acceptable to Lender in its sole discretion). The Repayment Discount shall be distributed in accordance with the preceding sentence either (i) directly out of the proceeds of the Term Loan when made or (ii) with respect to any Unpaid Existing Indebtedness, out of the Withheld Proceeds not used by Lender for the repayment of such Unpaid Existing Indebtedness.

83.    As another example, the Loan Documents also—as a condition of the loan—

purport to release Plaintiff for its grossly duplicitous conduct before it could even be known by

Defendants. Page 15 and 16 of **Exhibit 1** provide:

> 19.   Company hereby releases Lender, Franklin Management, their respective affiliates and subsidiaries and all of their respective officers, directors, employees, shareholders, agents, attorneys and representatives as well as their respective successors and assigns from any and all claims, obligations, rights, causes of action, and liabilities, of whatever kind or nature, whether known or unknown, whether foreseen or unforeseen, arising on or before the date hereof (the "Released Matters"). Without limiting the generality of the foregoing, Company hereby
>
> waives the provisions of any statute or doctrine to the effect that a general release does not extend to claims which a releasing party does not know or suspect to exist in its favor at the time of executing the release, which if known by such releasing party would have materially affected the releasing party's settlement with the party being released. Company acknowledges that the agreements in this paragraph are intended to be in full satisfaction of all or any alleged injuries or damages arising in connection with the Released Matters. If Company asserts or commences any claim, counter-claim, demand, obligation, liability or cause of action in derogation of the foregoing release or challenges the enforceability of the foregoing release (in each case, a "Violation"), then Company agrees to pay in addition to such other damages as any party being released may sustain as a result of such Violation, all reasonable attorneys' fees and expenses (including in-house and outside counsel) incurred by such party being released as a result of such Violation.

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and
HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

84.    The Loan Documents should be declared void as against public policy and Plaintiff should be barred from recovery.

## SIXTH AFFIRMATIVE DEFENSE
### (Commercial Impracticability/Impossibility)

85.    Defendants re-allege and incorporate in this Paragraph, as if fully set forth herein, the allegations set forth above.

86.    A basic assumption of the Loan Documents and a material consideration in its execution was a mutual expectation that Defendants' business and financial situation would improve.

87.    Defendants' financial situation did not improve through no fault of their own. Further, Defendants did not anticipate that FCG would take advantage of its intimate knowledge of Defendants and exploit the trust it misleadingly garnered to compound Defendants' financial situation.

88.    Defendants' ability to comply with the Loan Documents was made impossible. Therefore, this Court should find that Defendants' performance is discharged.

## SEVENTH AFFIRMATIVE DEFENSE
### (Discharge by Prior Material Breach)

89.    Defendants re-allege and incorporate in this Paragraph, as if fully set forth herein, the allegations set forth above.

90.    Defendants' alleged obligations to Plaintiff were discharged by the prior material breach of contract by Plaintiff or Plaintiff's predecessor-in-interest.

## EIGHTH AFFIRMATIVE DEFENSE
### (Setoff / Recoupment)

91.    Defendants re-allege and incorporate in this Paragraph, as if fully set forth herein, the allegations set forth above.

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

92.     To the extent Plaintiff's allegations are proven to be true, Plaintiff's claims are barred in whole or in part by the doctrines of setoff and recoupment.

## COUNTERCLAIMS

Defendants further allege:

93.     Defendants re-allege and incorporate in this Paragraph, as if fully set forth herein, the allegations set forth above.

94.     In the operation of its business, Defendants were often required to advance funds on behalf of customers to obtain materials and supplies necessary for projects. On several occasions, Defendants did not receive a return on these advances.

95.     To address the financial shortfalls that Defendants encountered in their business, they sought and obtained MCAs from the MCA Lenders. Through the MCAs, Defendants obtained funds in exchange for a pledge of their accounts receivable income to the MCA Lenders.  The MCAs proved predatory and too good to be true.

96.     Over time, payments on the MCAs began to subsume the income that Defendants would otherwise receive from their business. Defendants gradually became unable to service the MCA loans, and were desperate to resolve their financial troubles.

97.     In 2019, Defendants were approached by an attorney named Joseph Tringali ("Tringali").  Tringali informed Defendants that he recently became aware of a judgment that was entered against one or more of the Defendants in the State of New York, in relation to an MCA loan.

98.     Tringali represented to Defendants that he could help resolve the judgment, and also represented to Defendants that he could connect Defendants with an affiliated company of his: FCG—Plaintiff's alleged predecessor-in-interest.  Based on Tringali's representations,

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Defendants believed that Tringali was to be their attorney.

99.    Tringali introduced Defendants to FCG's representatives and agents.  Both Tringali and FCG represented to Defendants that they would assist Defendants with turning around Defendants' businesses, through turnaround management advice and consultation.  FCG also promised that it would providing financing to resolve Defendants' MCA debt and other financial woes.  FCG charged Defendants $20,000 per month for its consultation services.

100.    Upon advancing its loan to Defendants, FCG purportedly approached some of Defendants' MCA creditors.  FCG represented to Defendants that it had been able to purchase some of Defendants' debt obligations at a discount.  FCG then purportedly consolidated the full amount of the purchased MCA indebtedness with its own loan, thereby increasing Defendants obligation to FCG.

101.    The MCA obligations were allegedly purchased from one or more of the following creditors: (i) 1 Global LLC; (ii) Ace Funding Source; (iii) Biscayne Capital Finding; (iv) Business Merchant Funding; (v) Complete Business Solutions Group; (vi) Gel Funding; (vii) Kash Capital; (viii) Last Chance Funding; (ix) River Capital Partners; (x) Second Chance Funding; (xi) SPG Advance Consolidation LLC; (xii) SPG Advance LLC; (xiii) Trenen Capital Inc.; (xiv) BizFund, LLC; and (xv) iFund.

102.    In October of 2019, after FCG supposedly purchased the Defendants' MCA debts, FCG abruptly changed course.  FCG informed Defendants that FCG would no longer assist in turning Level 3 and Heirloom to profitability.  Instead, FCG's representatives indicated that the parties would "do an Article 9," or a "friendly foreclosure," to supposedly erase the Defendants' debt, while supposedly allowing the business operations to continue.  FCG informed Defendants that all of Level 3 and Heirloom's assets would be transferred to Midwest Tiny Homes, LLC, an

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

entity organized by FCG or its affiliates.

103.    Defendants were initially inclined to accept FCG's "advice," as Defendants had relied on FCG's counsel and advice for months.  Additionally, Defendants were concerned that failure to comply with FCG's instructions would cause FCG to declare a default under the existing loan, and would potentially result in the loss of Defendants' business and assets. However, Defendants had serious reservations about the strategy FCG sought to employ.  Level 3 and Heirloom consulted with their attorneys regarding the proposal.

104.    In early November, Defendants received a letter from FCG's counsel dated October 28, 2019, which purported to declare a default of the FCG loan.  The letter indicated that Level 3 and Heirloom's assets would be foreclosed.

105.    Defendants, through counsel, informed FCG that it would not be party to the proposed "Article 9," because Defendants were concerned that such a "friendly foreclosure" would be, in essence, a sham to hinder, defraud or delay the creditors of Level 3 and Heirloom.

## FIRST COUNTERCLAIM
### (Breach of Fiduciary Duty – Duty of Loyalty)

106.    Defendants incorporate their responses and allegations set forth above, as if fully set forth herein.

107.    By initiating and serving Level 3 Homes' loan and entire operation, including serving as Defendants' turnaround consultants, creating budgets and scenarios to repay debts, micromanaging Defendants' cash flow and expenditures, FCG exercised independent judgment and created a special relationship with Defendants, thereby assuming heightened duties of loyalty to Defendants.

108.    Defendants relinquished control over their financial affairs and assets to FCG, and entrusted the same to FCG.

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

109.    Defendants authorized FCG to exercise independent judgment and trusted the same to use that independent judgment in a mutually beneficial manner that would further the Defendants' interests, namely resolving Defendants financial troubles, including settling the MCA loans at a discount.  FCG represented that they were doing the same.

110.    The relationship between Defendants and FCG resembled a typical consultant or business advisor role, in which FCG essentially assumed the role of a chief restructuring officer. FCG created budgets and business plans allegedly designed to allow Defendants to pay of their debts, make a profit, and pay back FCG loans to Defendants.  FCG controlled all aspects of Defendants' business, including reporting requirements, the amount of production materials purchased, when materials could be purchased, the identity of vendors to be paid, the timing of paying such vendors, how much vendors could be paid, when Defendants could sell inventory, how Defendants should handle proceeds from the sale of inventory, who Defendants could conduct business with, and whether Defendants could pay their bills or not.  FCG directed and controlled every aspect of Defendants' business operation.

111.    Defendants relied on the judgment of FCG, and on the advice of attorneys who, upon information and belief, were taking directions from FCG despite having represented to Defendants that such attorneys were furthering Defendants' best interest.  In reliance on FCG's judgment, Defendants executed that Loan Documents that pledged all of their assets as collateral for loan, because of FCG's representations that the budgets and business plans they were creating would allow Defendants to pay back all amounts due to FCG, would allow Defendants to resolve their MCA loans, and would allow Defendants to be profitable.

112.    FCG breached its duty of loyalty to Defenants by the conduct alleged herein, namely (i) by manipulating Defendants' financial situation—while being paid as a turnaround

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

consultant—so that Defendants had no choice but to execute the predatory and oppressive Loan Documents, (ii) by continually misleading Defendants in order to obtain liens on all of Defendants' assets, (iii) by further manipulating Defendants' business operations and financial situation in a way that would make it would be impossible for Defendants to pay off the loan from FCG, and (iv) by creating a situation in which Defendants would be forced to surrender all of their assets to FCG.

113.    As a result of FCG's breach of the duty of loyalty to Defendants, Defendants suffered substantial damages, including excessive interest, damage to reputation, additional obligations, loss of business relationships and business advantages, and the potential loss of all of their assets.  Defendants are entitled to compensation for such damages, in an amount to be proven at trial.

## SECOND COUNTERCLAIM
### (Unlawful Trade Practices)

114.    Defendants incorporate their responses and allegations in the foregoing paragraphs, as if fully set forth herein

115.    FCG was engaged in the course of its business, vocation or occupation when it, *inter alia*, extended credit to Defendants, provided Defendants business advice and planning, and micromanaged Defendants' business operation, in addition to the other acts alleged herein.

116.    FCG and its agents employed an unconscionable tactic in connection with selling goods and services to Defendants and in collecting or enforcing an obligation when they engaged in a scheme to mislead Defendants into believing the budgets and scenarios they created were designed to allow Defendants to resolve their MCA loans and resolve their financial problems. In reality FCG intended to obtain liens on all of Defendants' assets and eventually seize the same.

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

117.    Upon securing all of Defendants' assets, Defendants were told that they were required to "do an Article 9," and that Defendants would transfer ownership of their assets to a new entity created by FCG.  This occurred within 4 months after Loan Documents were executed by Defendants.

118.    FCG and its agents, in the course of their business, vocation, or occupation made false or misleading representations concerning the nature of Defendants' and FCG's transactions and/or the obligations incurred.  Additionally, FCG failed to disclose pertinent facts to Defendants, including the fact that business plans and budgets created would never allow Defendants to pay back the MCA loans and the new loan from FCG.

119.    FCG's conduct violated Oregon's Unlawful Trade Practices Act, ORS 646.605-646.656.

120.    As a result of FCG's Unlawful Trade Practices, Defendants have suffered as ascertainable loss of money and potentially property, as a result of the willful use and employment by FCG of an unlawful method of business.

### THIRD COUNTERCLAIM
### (Breach of Contract)

121.    Defendants incorporate their responses and allegations in the foregoing paragraphs, as if fully set forth herein.

122.    As set forth more fully above, FCG agreed to resolve Defendants' financial problems and to provide advice and consulting for Defendants' benefit.

123.    FCG further agreed to comply with the Loan Documents that they now wrongfully seek to enforce against Defendants. Plaintiff and its predecessor FCG did not, in fact, comply with the terms of the Loan Documents.

124.    FCG further agreed to advance funds necessary to settle the MCA loans and to

Page 20 of 25
{00328072:5}    DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and
HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

bring all of Defendants' payables current. FCG did not, in fact, advance the funds necessary to settle the MCA loans.

125.   FCG breached its agreement with Defendants by failing to advise and consult for Defendants' benefit and, in fact, act for their own benefit. FCG further breached its agreement by wrongfully and prematurely accelerating Defendants' loan, and by failing to make the promised advances.

126.   By its conduct, FCG breached the implied covenant of good faith and fair dealing.

127.   As a result of FCG's breaches, Defendants have suffered damages in an amount to be proven at trial.

## FOURTH COUNTERCLAIM
### (Breach of Duty of Good Faith)

128.   Defendants incorporate their responses and allegations in the foregoing paragraphs as if fully set forth herein.

129.   FCG breached its duty of good faith in connection with its performance under the Loan Documents. In bad faith, FCG prematurely terminated its contractual relationship with Defendants without cause and wrongfully seized funds belonging to Defendants by blocking their access to funds held in two accounts: 1) an account held at Level One Bank, and 2) an account held at Chase Bank. Such actions were taken surreptitiously and in violation of the Loan Documents that Plaintiff now seeks to enforce.

130.   FCG further wrongfully advanced its intentions to seize and operate Defendants' business through an unrelated entity. To advance these intentions, FCG unilaterally terminated Defendants' employees on October 28th and claimed to re-hire them by the unrelated entity on the same day.

131.   The foregoing wrongful actions constituted a breach of Plaintiff's duty of good

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

faith. As a result of FCG's actions, Defendants' have suffered and should be awarded damages in an amount to be determined at trial.

## FIFTH COUNTERCLAIM
### (Fraud)

132.    Defendants incorporate their responses and allegations in the foregoing paragraphs as if fully set forth herein.

133.    FCG affirmatively represented to Defendants that they were acting in their interest. It represented to Defendants that it would consult for and provide advice to benefit Defendants and help resolve Defendants' financial distress.

134.    FCG was aware of Defendants' reliance on and trust in Joseph Tringali despite knowing that Tringali was acting for his own or for FCG's benefit. FCG failed to clarify or disclose this fact to Defendants. FCG did not clarify or disclose this information because it intended to obtain the benefit of Defendants' reliance on them.

135.    Defendants were entitled to rely on FCG's affirmative and implicit representations because FCG represented that it was acting for Defendants' benefit. Defendants did, in fact, rely on FCG's omissions and representations to their detriment. Instead, FCG exploited its position to obtain the benefit of Defendants' agreement to onerous terms.

136.    As a result of FCG's misrepresentations, Defendants have suffered and should be awarded damages in the amount of $1,600,000.

## FIFTH COUNTERCLAIM
### (Unjust Enrichment)

137.    Defendants incorporate their responses and allegations in the foregoing paragraphs as if fully set forth herein.

138.    FCG knowingly and wrongfully obtained and retained sensitive details of

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Defendants' financial situation, which it used to purchase and/or assume the benefit of Defendants' financial obligations. Upon information and belief, FCG wrongfully exploited the sensitive financial information provided by Defendants to obtain leverage and increase the benefits they would receive from any loan to Defendants.

139.    Permitting FCG and/or Plaintiff to retain the benefit conferred by Defendants would be unjust. Defendants should, therefore, be awarded from Plaintiff $1,600,000, representing the value of the benefit conferred.

## SIXTH COUNTERCLAIM
### (Rescission)

140.    Defendants incorporate their responses and allegations in the foregoing paragraphs as if fully set forth herein.

141.    As set forth above, Defendants executed the Loan Documents under extreme economic duress brought about by FCG's exploitation of Defendants' sensitive financial information and dire economic circumstances.

142.    FCG unduly influenced Defendants to agree to the Loan Documents without the benefit or opportunity for review by counsel. FCG obtained Defendants' agreement to the Loan Documents in the dark of night without a full understanding of their terms.

143.    Following engagement of counsel, Defendants promptly communicated their termination of their consent to the Loan Documents. They timely communicated the rescission.

144.    In light of the circumstances under which FCG obtained the acceptance of Defendants to exploitative and onerous terms, this Court should declare that the Loan Documents are rescinded and of no force or effect.

/ / / / /

/ / / / /

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment)

145.    Defendants incorporate their responses and allegations in the foregoing

paragraphs, as if fully set forth herein.

146.    Based on FCG's unconscionable conduct, Defendants seek a declaratory

judgment stating that:

   a.  FCG, as a lender, may not preemptively avoid liability for wrongful actions that it
       might take.

   b.  That the Loan Documents or the provisions therein are void because they violate
       public policy for the reasons set forth above.

   c.  Defendants are not bound by the terms of the Loan Documents.

## EIGHTH COUNTERCLAIM
### (Money Had and Received / Restitution)

147.    Defendants incorporate their responses and allegations in the foregoing

paragraphs as if fully set forth herein.

148.    Plaintiff wrongfully interfered with and deprived Defendants of the benefit of

their funds, business, and assets. Despite Defendants' current and continuing rights to such

funds, business, and assets, Plaintiff has retained and refused to retain them.

149.    As a result of Plaintiff's retention of such funds, business, and assets, Defendants

have suffered damages in an amount to be proven at trial.

## NINTH COUNTERCLAIM
### (Accounting)

150.    Defendants incorporate their responses and allegations in the foregoing

paragraphs as if fully set forth herein.

151.    Plaintiff is obligated to provide an accounting for the amounts that it claims are

due. Defendants have repeatedly requested an explanation for the amounts claimed, each of

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and
HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

which Plaintiff has rebuffed.

152.    Plaintiff should be compelled to prepare an accounting of all amounts it now claims are due including all debits and credits thereto.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully requests that:

a) Plaintiff's Claims for Relief be denied and that Plaintiff take nothing by its Complaint;

b) A judgment declaring the following:

1. That FCG may not preemptively avoid liability for wrongful actions that it might take in the future.

2. That the Loan Documents or the provisions therein are void because they violate public policy for the reasons set forth above.

3. That Defendants are not bound by the terms of the Loan Documents.

c) Judgment and money award in favor of Defendants and against Plaintiff in an amount to be determined at trial, including compensatory damages and punitive damages.

d) That Defendants be awarded their costs and disbursements herein, and reasonable attorney fees where available; and

e) For such further relief as the Court may find just and equitable under the circumstances.

DATED: January 21, 2020

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Defendants

DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; and HEIRLOOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

## CERTIFICATE OF SERVICE

I, Nicholas J. Henderson, hereby certify that I served the foregoing **DEFENDANTS LEVEL 3 HOMES & DESIGN, LLC; LEVEL 3, LLC; AND HEIRLOOM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** on the following person(s) via the Court's CM/ECF system:

- **Howard M. Levine:** hlevine@sussmanshank.com


I further certify that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the _____ day of _____, 2020, properly addressed as follows:

**N/A**

DATED: January 21, 2020

MOTSCHENBACHER & BLATTNER LLP

 /s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon  97204-3029
tsexton@portlaw.com
Telephone:  503-417-0500 • Fax:  503-417-0501